*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* BABY BOY DOE, Minor.

---

PETER KRUITHOFF,

      Petitioner-Appellant,

v

CATHOLIC CHARITIES OF WEST MICHIGAN,

      Respondent-Appellee,

and

ADOPTIVE PARENT NUMBER 1 and
ADOPTIVE PARENT NUMBER 2,
      Appellees.

FOR PUBLICATION
November 10, 2022
9:05 a.m.

No. 353796
Kalamazoo Circuit Court
Family Division
LC No. 2018-006540-NB

---

## ON REMAND

Before: RONAYNE KRAUSE, P.J., and CAVANAGH and BOONSTRA, JJ.

RONAYNE KRAUSE, P.J.,

As set forth in this Court's prior majority opinion, this appeal concerns petitioner's requests to unseal a sealed adoption file and to reinstate his parental rights to Baby Boy Doe (Doe). *In re Doe*, ___ Mich App ___; ___ NW2d ___ (2021) (Docket No, 353796) (*Doe I*). This Court's prior majority opinion exhaustively set forth the pertinent background facts, so we will not repeat them. Our Supreme Court also set forth a comprehensive summary of the background facts, which we also need not repeat. *In re Doe*, ___ Mich ___; ___; 975 NW2d 486 (2022) (*Doe II*). Very generally, petitioner alleges that he is the biological father of a child, Doe, who was surrendered by petitioner's then-wife in Kent County, pursuant to the Safe Delivery of Newborns Law (SDNL), MCL 712.1 *et seq.*, the day after petitioner filed for divorce in Ottawa County. While petitioner sought to establish his paternity in the Ottawa Circuit Court, the Kalamazoo Circuit Court

terminated the parental rights of Doe's parents, granted custody of Doe to respondent, and ultimately finalized Doe's adoption. A majority of this Court previously held that petitioner's parental rights were improperly terminated, and, consequently, that it was necessary for the trial court to consider further petitioner's request to unseal the adoption file. In lieu of granting leave to appeal, our Supreme Court reversed this Court's determination that petitioner's parental rights had been improperly terminated, vacated this Court's analysis of unsealing the adoption file, and remanded to us for reconsideration of the latter issue. We now affirm the trial court.

Orders of our Supreme Court are binding precedent to the extent they can be understood. *Woodring v Phoenix*, 325 Mich App 108, 115; 923 NW2d 607 (2018). Our Supreme Court's remand order unambiguously remanded *only* for consideration of petitioner's request to unseal the adoption records "and further proceedings not inconsistent with this order." *Doe II*, ___ Mich at ___, slip op at p 5. It further expressly held that any constitutional issue was neither properly preserved nor presented. *Doe II*, ___ Mich at ___ n 6, slip op at p 5 n 6. Our Supreme Court foreclosed any possible consideration of whether respondent made "reasonable efforts" to notify petitioner:

> Assuming petitioner could have taken some postbirth action to satisfy the statutory requirements or invoke the SDNL's protections for alleged nonsurrendering parents in the Ottawa Circuit Court, he did not do so. Petitioner also did not file a separate petition for custody under the SDNL. [*Doe II*, ___ Mich at ___, slip op at pp 4-5.]

Hypothetically presuming respondent did not make "reasonable efforts" to notify petitioner, and further hypothetically presuming such a lack of reasonable efforts somehow tolled the deadline for petitioner to commence a custody action under the SDNL, petitioner's window of opportunity has long since closed. The reasonableness of respondent's efforts cannot affect the outcome of this matter, so unsealing the adoption file is moot. See *C D Barnes Assoc, Inc v Star Heaven LLC*, 300 Mich App 389, 406; 834 NW2d 878 (2013).

In any event, even if, hypothetically, petitioner could maintain a custody action under the SDNL, the ultimate determination of Doe's custody would be determined on the basis of *the child's* best interests. MCL 712.14; see also *In re Miller*, 322 Mich App 497, 506; 912 NW2d 872 (2018). In general, when considering a child's best interests for purposes of custody, trial courts must consider up-to-date information as of the time of the hearing, whenever that hearing occurs. See *Fletcher v Fletcher*, 447 Mich 871, 889; 526 NW2d 889 (1994). Doe is now more than four years old and has been with his adoptive family for almost his entire life. Whatever rights parents have, it has been well-established that children also have some rights, and the best interests of a child are not *necessarily always* aligned with the interests of the parent. It defies all sense even to consider the idea that it could somehow be in *Doe's* best interests to treat him as a piece of chattel subject to a claim for replevin. There being no reasonable alternative outcome, it would, again, be a pointless exercise to unseal the adoption file.

As set forth in this Court's prior dissenting opinion:

> It is certainly within the purview of the courts to point out that the Legislature has chosen a policy with consequences it may not have anticipated, but ultimately, the wisdom or propriety of legislative policy is the sole province of the Legislature.

The Legislature enacted a statutory scheme to "encourag[e] parents of unwanted newborns to deliver them to emergency service providers instead of abandoning them." See *People v Schaub*, 254 Mich App 110, 115 n 1; 656 NW2d 824 (2002). That scheme includes provisions to address situations in which the newborn is only unwanted by one of the parents. That scheme requires emergency service providers to ask surrendering parents for identifying information, but it expressly does not require the surrendering parent to disclose any such information. MCL 712.3(2). The Legislature presumably understood the implications: that it was possible a nonsurrendering parent would therefore be unknowable and unfindable. The Legislature therefore enacted a policy that prefers to err on the side of protecting the safety of the child and of the surrendering parent, even at the possible detriment to the nonsurrendering parent. [*Doe I*, ___ Mich App at ___ (RONAYNE KRAUSE, P.J., dissenting).]

Again, sometimes the rights of a parent and the rights of a child will come into conflict. On those occasions, Michigan jurisprudence and public policy have long deemed the well-being and safety of the child to be paramount. See *Brown v Brown*, 332 Mich App 1, 10; 955 NW2d 515 (2020). The child's well-being and safety may demand that, after the passage of some time, it is no longer proper or permissible to rip the child out of what they regard as home to place them with a biological parent the child would regard as a stranger. See *In re LaFlure*, 48 Mich App 377, 387-388; 210 NW2d 482 (1973). Under these unique circumstances, the only just remedy is to affirm the trial court's orders.

Therefore, they are affirmed.

/s/ Amy Ronayne Krause
/s/ Mark J. Cavanagh